# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SMITH TRANSPORT, INC., ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:06-160 |
| v. ) | |
| ) | |
| TRUCK AND BUS WASH, INC., t/d/b/a ) | JUDGE KIM R. GIBSON |
| TBW, INC., ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION & ORDER

**GIBSON, J.,**

    Now before the Court is Plaintiff's Motion for Default Judgment. Document No. 8. Plaintiff's Complaint, filed on July 20, 2006, states claims for breach of contract, unjust enrichment, fraudulent inducement, and breach of various warranties stemming from agreements between the Parties concerning the purchase of a vehicle washing system. Document No. 1. On September 8, 2006, Plaintiff filed with the Court a copy of Defendant's executed waiver of service, which acknowledged receipt of the complaint and was signed by Kelly Spielmaker, Vice President of TBW Consultants, Inc. Document No. 4. Having waived service, Defendant was obligated to file an Answer or a Motion under Fed. R. Civ. P. 12 within sixty days from the date on which Plaintiff sent the request for waiver. FED. R. CIV. 4(d)(3) & 12(a)(1)(B). Plaintiff's request was sent August 9, making any response due on or before October 10, 2006. Document Nos. 4 & 8. After receiving no response from Defendant, Plaintiff requested the entry of default pursuant to Fed. R. Civ. P. 55(a) on October 24, 2006. The Clerk entered default one day later and Plaintiff filed the motion *sub judice* on October 27, 2006. Document No. 8. Defendant has not filed any response.

    Though disfavored, the entry of default judgment may nonetheless be the appropriate

1

consequence of a party's failure to defend the claims against it. *United States v. Willette*, No. 00-5363, 2001 U.S. Dist. LEXIS 22859, at **3-5 (D.N.J. Dec. 19, 2001). Motions for default judgment are left to the discretion of the Court. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303 (3d Cir. 1995). In guiding that discretion, however, the Third Circuit has enumerated "[t]hree factors [that] control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). *See also Hill v. Williamsport Police Dep't*, 69 Fed. Appx. 49, 51-52 (3d Cir. 2003) (explaining the applicability of this test to motions for default judgment).

These factors are especially relevant when assessing the opposition to a motion for default judgment or considering whether to set aside the entry of default. When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*. *See, e.g., Sheet Metal Workers' Local 19 Benefit Funds v. JLS Mech., Inc.*, No. 06-4700, 2007 U.S. Dist. LEXIS 3546, at **5-6 (E.D. Pa. Jan. 18, 2007); *Local Union No. 825 v. LLS Landscaping, Inc.*, No. 06-1986, 2006 U.S. Dist. LEXIS 66902, at **3-4 (D.N.J. Sept. 19, 2006); *Refrigeration & Air Conditioning v. Air Joy Serv.*, No. 06-574, 2006 U.S. Dist. LEXIS 66534, at **3-4 (D.N.J. Sept. 18, 2006); *Cliff v. Asbury Park Talent Assocs. Corp.*, No. 05-5160, 2006 U.S. Dist. LEXIS 59897, at **3-4 (D.N.J. Aug. 23, 2006).

Plaintiff does not suggest how it will be prejudiced if a default judgment is not entered in its favor. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment [*sic*] entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 56-57 (3d Cir. 1982). As *Feliciano* suggests, however,

the interest in avoiding prejudice is less salient where, as here, the defendant has neither moved to set aside default nor opposed the entry of default judgment. That Plaintiff has not shown potential prejudice will not, therefore, prevent the Court from issuing a default judgment against TBW.

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $ 55,518.05*, 728 F.2d 192, 195 (3d Cir. 1984). Where there is no responsive pleading, there is no opportunity to gauge the merits of any defense, and this factor does not militate against default judgment. *Bd. of Trs. of the Constr. Indus. Pension Laborers' Dist. Council Fund v. ABC*, No. 04-2295, 2004 U.S. Dist. LEXIS 22945, at **6-7 (E.D. Pa. Nov. 4, 2004) (finding that because the defendant failed to file a responsive pleading the court was not in a position to determine whether the defendant has a meritorious defense); *Carpenters Health & Welfare Fund v. Naglak Design*, No. 94-2829, 1995 U.S. Dist. LEXIS 566, at *7 (E.D. Pa. Jan. 18, 1995) (same).

It is similarly impossible for the Court to determine whether Defendant's delay was attributable to culpable conduct. However, Plaintiff served on Defendant copies of its Complaint, its Request for Entry of Default, and its Motion for Default Judgment. Defendant also executed a waiver of service that acknowledged judgment could be entered against it if no answer or Rule 12 motion was timely filed. Document No. 4, p. 3. Defendant was well aware of its obligations in this litigation and its failure to appear merits the default judgment granted in the accompanying Order. *Bd. of Trs.*, 2004 U.S. Dist. LEXIS 22945, at **7-8.

An appropriate Order follows.

AND NOW, this 30th day of January, 2007, upon consideration of Plaintiff's Motion for Default Judgment (Document No. 8), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Accordingly, the Clerk of Court shall enter default judgment against Defendant and in favor of Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's request for a hearing to establish damages is **GRANTED**. The hearing shall be held on **Friday March 2, 2007, at 1:30 p.m.** in Courtroom A, 104 Penn Traffic Building, 319 Washington Street, Johnstown, PA 15901. Defendant shall file a pre-hearing brief **on or before February 23, 2007**, addressing all issues of damages, costs, interest, and fees.

**BY THE COURT:**

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

Cc: **All counsel of record**